RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
DAVID B. GLAZER (D.C. 400966; MD)
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California  94105
Telephone:  (415) 744-6491
Facsimile:   (415) 744-6476
E-mail:  david.glazer@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| PLANNING ASSOCIATION FOR RICHMOND, *et al.*,<br><br>     Plaintiffs,<br><br>   v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>     Defendant. | No. C‑06‑02321-SBA<br>SETTLEMENT AGREEMENT (Amended)<br><br>Date:   N/A<br>Time:  N/A<br>Hon. Saundra Brown Armstrong |

Plaintiffs Planning Association for the Richmond and Friends of Lands End and

Defendant U.S. Department of Veterans Affairs (collectively, the "Parties") have reached the

following settlement in this matter and agree as follows, subject to Court approval.

RECITALS

1.    Plaintiffs filed their Complaint in this matter on March 31, 2006, seeking declaratory

1    and injunctive relief under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§

2    4321–4370f, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Plaintiffs

3    challenge Defendant's proposal to construct an approximately 7,600 sq. ft., two-story

4    structure (the "Building 16 Annex" or "Annex") on a vacant lot located near the southern

5    perimeter of the San Francisco Veterans Affairs Medical Center Campus (the "VAMC" or

6    "Campus"), off Clement Street, in the northwestern corner of the City of San Francisco.  The

7    construction of the Annex is needed to house only those prostate and urology laboratories

8    (together with certain administrative functions) that will be displaced by ongoing work to

9    seismically upgrade the Campus's Building 203 hospital wards in accordance with federal law

10   and to provide greater patient privacy and disabled access.

11       2.    Defendant had originally relied upon statutory categorical exclusion from

12   environmental review for the Building 203 upgrade/Building 16 Annex project, but subse-

13   quently elected to perform an Environmental Assessment ("EA") for the project.  The Annex

14   was also scaled back from the originally planned 14,400 sq. ft. to only 7,600 sq. ft.  The VA

15   completed its draft EA on January 15, 2007, and noticed its availability for review and public

16   comment.  The final EA and Finding of No Significant Impact ("FONSI") were issued on

17   April 13, 2007.

18       3.    Plaintiffs have challenged the Building 16 Annex proposal, asserting that

19   Defendant's environmental analysis unlawfully "segments" consideration of the project from

20   two larger concerns, including other projects potentially under consideration at the VAMC

21   and the limited availability of parking at the Campus.  Plaintiffs contend that Defendant

22   should have prepared an Environmental Impact Statement ("EIS") under NEPA for the

23   Annex project, which should have addressed other potential projects and concerns at the

24   Campus, as well.

25       4.    Rather than litigating the merits of Plaintiffs' claims, the Parties have negotiated a

26

27   *Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C–06-02321-SBA    2
     Settlement Agreement

28

1  settlement of the litigation, which they hereby submit to the Court for its approval (the

2  "Settlement Agreement").

3      5.   This Court has jurisdiction over the subject matter of this action and over the parties,

4  pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States,

5  including NEPA, and involves the United States as a defendant under the APA.  The parties

6  consent to and shall not challenge entry of this Settlement Agreement.  Thereafter, the Court

7  retains jurisdiction solely to resolve disputes concerning implementation of this Settlement

8  Agreement ("Disputes") until such time as the EIS described in Paragraph 14, below, is

9  completed, a Record of Decision is issued, and any pending Disputes are resolved.  Any such

10  Dispute shall be resolved in accordance with the procedures set forth in Paragraph 20, below.

11   However, the parties expressly agree that any claim Plaintiffs may bring relating to any final

12  agency action taken by Defendant, including but not limited to the actions contemplated

13  under NEPA and the National Historic Preservation Act as described in Paragraphs 14 and

14  15, below, shall be the subject of a new complaint.

15      6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

16                     <u>BUILDING 16 ANNEX PROJECT</u>

17

18      7.   <u>Construction</u>.  Subject to the mitigation measures described in Paragraphs 8–11,

19  below, Defendant may proceed with the Building 16 Annex project as proposed, and

20  Plaintiffs will not challenge that project, except as expressly provided in this Settlement

21  Agreement.  The Building 16 Annex shall be constructed to meet the seismic requirements

22  for all VA buildings, Standard H-18-8.  Defendant shall promptly inform the plaintiffs of any

23  effort made by the VA to work with the San Francisco Fire Department or other City

24  department to formalize procedures for ensuring access by emergency vehicles to Building

25

26  16 and the Annex.

27  *Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C–06-02321-SBA          3
    Settlement Agreement

28

8.   <u>Mitigation</u>.  To address the Plaintiffs' concerns, the Defendant agrees to meet the following criteria in the design, construction, and use of Building 16 Annex:

a.   Noise levels associated with the finished Building 16 Annex, measured at the southern property line, will not exceed 50 dBA from 10 p.m. to 7 a.m. and 55 dBA from 7 a.m. to 10 p.m.  To accomplish this, the Defendant agrees that it will implement the design standards as set forth in the September 26, 2007 Charles M. Salter Associates Inc. Report, attached hereto as Attachment A and fully incorporated herein.

b.   Lighting of the exterior areas will be designed and installed to downshield lights so as to minimize light spill downward and upward.  The Defendant will install the lighting fixtures depicted in Attachment B to this Settlement Agreement, and fully incorporated herein, to accomplish that goal.

c.   Windows above the ground floor will be designed and installed at a height that, in the normal course of Building 16 activities, a person standing inside cannot see out of the windows into neighboring lots.

d.   Parking at the Annex (Lot F) will be limited to no more than ten (10) spaces.

e.   Defendant will install a fence constructed of wood or a suitable wood substitute, generally as depicted in Attachment C to this Settlement Agreement, which is incorporated by reference herein, defining the location and height of, and the construction materials for, the fence. Defendant agrees to regularly maintain the fence to ensure its integrity and solidity, and to plant

and maintain mature vegetation along the fence. The Defendant further agrees that it will plant and maintain the slope below the wooden fence to the residential property lines as necessary to prevent erosion, and that it will repair and maintain the existing cyclone fence to maintain its structural and visual integrity.  The Parties further agree to utilize a Community Meeting forum to resolve any concerns regarding ongoing maintenance called for by this Paragraph.

9.    Defendant will enforce the parking restrictions at Lot F identified in Paragraph 8.d, above, as well as the "no parking" restriction on the access road to Lot F.

10.   Defendant will make all reasonable efforts to relocate the BSL-2 facilities housed in the Annex to another location within five (5) years from the date that the Building 16 Annex is occupied.  Defendant shall relocate such facilities within such five-year period, provided that alternative space is approved, funded, and available, after which time the Building 16 Annex will house only administrative functions.  If, after five (5) years, such space is not approved, funded, and available, Defendant will not be obligated to seek to relocate the Building 16 Annex facilities.

11.   Training/Employee Awareness.  Defendant shall advise its employees periodically, by newsletter or e-mail notification and through new employee orientation processes, concerning parking restrictions at Lot F and the access road and respect for the residential nature of the location of the VAMC facilities, which requires sensitivity to noise and privacy concerns.  Defendant will also use that notification procedure to encourage employees to park in designated lots or facilities on the Campus, rather than on neighborhood streets, and

1    to use public transportation when possible.  Defendant will provide the information described

2    in this paragraph to all contractors scheduled to perform construction or maintenance

3    activities on the Campus where those activities are anticipated to last greater than one work

4    day.

5

6                                    COMMUNITY OUTREACH

7         12.  Within six (6) months of the approval of this Settlement Agreement, Defendant will

8    include a link on its Website for, and promptly post, the following types of environmental

9    review documents for proposed projects on the Campus, to the extent the VA is obligated by

10   law to make such documents available to the public:  Categorical Exclusions, Environmental

11   Assessments, Environmental Impact Statements, Findings of No Significant Impact, Records

12   of Decision, and notices for and comments on those documents.  Defendant agrees to provide

13   written notice of the initiation of this Web page to Plaintiffs and their counsel.  In the event

14   the VA is not authorized by law or policy directive to post these documents on a Web site,

15   the VA agrees in the alternative to make this same category of documents available to the

16   public in an alternative electronic format and to provide written notice to the Plaintiffs and

17   their counsel as to the manner in which the public may obtain the documents.

18        13.  Community Meetings.  Beginning the first calendar quarter after the approval of this

19   Settlement Agreement, Defendant will hold the first of quarterly community meetings, to be

20   held quarterly thereafter for a period of three (3) years following approval of this Settlement

21   Agreement.  Such meetings shall be open to the public.  Defendant will provide written

22   notice of these meetings to Plaintiffs and their counsel.  If needed, Defendant will provide a

23   professional facilitator to conduct the meetings.  These meetings are not intended to excuse

24   or replace any notice and public review requirements imposed upon the Department of

25   Veterans Affairs by applicable laws, including NEPA and the APA.

26

27   *Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C–06-02321-SBA        6
     Settlement Agreement

28

INSTITUTIONAL MASTER PLAN AND EIS

1

2    14.  <u>Master Plan and EIS</u>.  Within 30 months of the date of approval of this Settlement

3  Agreement, Defendant will complete an Institutional Master Plan ("IMP") and an EIS

4  supporting the IMP, addressing the VAMC and potential projects under consideration at the

5  Campus, to the extent reasonably foreseeable.  Defendant will provide a sixty-day (60-day)

6  public review and comment period for the EIS.  Defendant agrees to provide written notice

7  of the review process for the EIS to Plaintiffs and their counsel.  The IMP and EIS will

8  include, among other things, (1) an analysis of parking, including parking of VA-related

9  vehicles on the campus and surrounding area, and potential mitigation measures, and (2)

10  analysis of possibilities for relocation of the Annex research functions to another location.

11    a.    The EIS will not cover the following projects, which Plaintiffs, in consideration

12  of this Settlement Agreement, pledge not to challenge:

13    1.  <u>Seismic upgrades to Buildings 9, 10, 11, and 13</u>.  Buildings 9, 10 and 11 were

14  determined to be eligible for the National Register of Historic Places, and Building 13 was

15  determined to contribute to that eligible status.  Defendant agrees to comply with applicable

16  requirements of section 106 of the National Historic Preservation Act, 16 U.S.C. § 470f.  The

17  VA will concurrently send its application for review of the seismic retrofit project to the

18  State Historic Preservation Office ("SHPO") and to the Advisory Council on Historic

19  Preservation for comment on the project, with copies to the Plaintiffs.   Defendant agrees to

20  develop and issue for public review an Environmental Assessment under NEPA for these

21  projects and to provide written notice of the review process to Plaintiffs and their counsel.

22    2.  <u>Emergency Room upgrade</u>.

23    3.  <u>Clinic expansion (to be built above the Emergency Room)</u>.

24    4.  <u>800 sq. ft. modular building (to be constructed adjacent to Building 18)</u>.

25    b.  As to any other projects that may be funded between approval of the Settlement

26

27  *Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C−06-02321-SBA    7
    Settlement Agreement

28

1   Agreement and completion of the EIS and where those funds would be deobligated if not

2   used within a specified time frame, the parties shall meet and confer concerning whether

3   such projects may be excluded from the EIS and not subject to challenge.  If the parties do

4   not reach an agreement, each party reserves any rights it has as to such projects.

5       15.  Defendant agrees to resubmit a completed National Register of Historic Places

6   Registration Form to the appropriate entity within six (6) months of the approval of this

7   Settlement Agreement.

8       16.  All notices and submissions required by this Settlement Agreement shall be sent by

9   express mail or similar overnight mail delivery service with return receipt or confirmation of

10  delivery, addressed to the persons identified below.  Notices and submissions may be e-

11  mailed, but such communication is effective only when the addressee confirms receipt of the

12  e-mail and its attachments, as applicable, by reply e-mail.

13  <u>Where Notification/Submission to Plaintiffs is Required:</u>

14

15  Ron Miguel
    President
16  Planning Association for the Richmond
    3145 Geary Blvd., #205
17  San Francisco, CA  94118-3300
    rm@well.com

18
    Julie Burns
19  Friends of Lands End
    3755 Balboa St., #201
20  San Francisco, CA  94121
    julieburns@sealrock.com

21  <u>Where Notification/Submission to Plaintiffs' Counsel is Required:</u>

22  Sharon E. Duggan
    Law Offices of Sharon E. Dugan
23  370 Grand Ave., Ste. 5
    Oakland, CA  94610-4874
24  Phone: (510) 271-0825
    FAX:  (510) 271-0829
25  Email:  foxsduggan@aol.com

26

27  *Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C–06-02321-SBA          8
    Settlement Agreement

28

EFFECT OF SETTLEMENT

17.  Except as expressly stated herein, this Settlement Agreement resolves the claims pled in the Complaint filed in this action, together with all claims under NEPA or under other federal, state, or common law, relating to the matters addressed in Paragraphs 7-15, above. Upon approval by the Court, entry of this Settlement Agreement constitutes entry of judgment pursuant to Fed. R. Civ. P. 58.

18.  Except as expressly provided herein, the parties retain all rights that they otherwise would have, including that (1) Plaintiffs may seek judicial review in a separate lawsuit of the legal adequacy of the EIS and the IMP as described in Paragraph 14, above; (2) Plaintiffs reserve their claims as to those projects falling under Paragraph 14.b to the extent unresolved by the Parties' meet-and-confer efforts; and (3) Plaintiffs reserve any claims under section 106 of the National Historic Preservation Act, 16 U.S.C. § 470f, as to the submission provided for in Paragraph 15, above.  Defendants reserve all defenses as to Plaintiffs' reserved claims.

ATTORNEYS' FEES AND COSTS

19.  Within 30 days of Court approval of this Settlement Agreement, Defendant agrees to pay Plaintiffs' attorneys fees and costs in the amount of TWENTY-FOUR THOUSAND DOLLARS ($24,000.00), payable to the Law Offices of Sharon E. Duggan, in full settlement and satisfaction of all of Plaintiffs' claims for attorneys fees and costs arising from this action.

DISPUTE RESOLUTION

20.   a.  In the event a Dispute arises during the pendency of the Court's continuing

*Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C–06-02321-SBA
Settlement Agreement

9

jurisdiction as provided in Paragraph 5, above, the disputing party will notify the other party in writing of the nature of the Dispute and, within 30 days after such notification (or additional time if the parties agree), the parties will discuss and attempt to resolve the Dispute.  If the parties do not resolve the Dispute within 90 days thereafter, either party may file a motion for resolution by the Court.  However, the parties will not seek the remedy of contempt for any alleged violation of this Settlement Agreement.

b.  In the event a Dispute arises after termination of the Court's continuing jurisdiction as provided in Paragraph 5, above, Plaintiffs may file a new action seeking relief in accordance with applicable provisions of law.

<u>GENERAL TERMS</u>

21.  Nothing in this Settlement Agreement shall constitute, or be construed to constitute, a waiver of sovereign immunity by the United States.

22.  Nothing in this Settlement Agreement shall constitute, or be construed to constitute, an admission of liability on the part of the Defendant as to Plaintiffs' claims in this litigation, and approval of this Settlement Agreement by the Court shall not be interpreted to constitute a ruling on the merits or precedent in this or any other case.

23.  Nothing in this Settlement Agreement may be modified except by written consent of Plaintiffs and Defendant and approval of the Court.

24.  Nothing in this Settlement shall be construed to commit a federal official to expend federal funds not appropriated by Congress.  To the extent that the expenditure or advance of any money or the performance of any obligation of the United States under this Settlement is to be funded by appropriation of funds by Congress, the expenditure, advance, or

*Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C–06-02321-SBA
Settlement Agreement

10

1    performance shall be contingent upon the appropriation of funds by Congress that are

2    available for this purpose and the apportionment of such funds by the Office of Management

3    and Budget.  No breach of this Settlement Agreement shall result and no liability shall accrue

4    to the United States in the event such funds are not appropriated or apportioned.

5          25.  This Settlement Agreement constitutes the final, complete, and exclusive agreement

6    and understanding between the Parties and supersedes all prior agreements and

7    understandings, whether oral or written, concerning the subject matter hereof.  No other

8    document, nor any representation, inducement, agreement, understanding, or promise,

9    constitutes any part of this Settlement Agreement or the settlement it represents, nor shall it

10   be used in construing this Settlement Agreement.

11         26.  The Parties agree to a reference to Magistrate Judge Spero, pursuant to 28 U.S.C. §

12   636(b), for resolution of disputes, pursuant to Paragraph 20.a, arising under this Settlement

13   Agreement.

14   SO AGREED:

15        FOR THE PLAINTIFFS:

16   Dated: June 6, 2008                    /s/SHARON E. DUGGAN
                                            SHARON E. DUGGAN
17                                          Law Offices of Sharon E. Duggan
                                            370 Grand Avenue, Suite 5
18                                          Oakland, California  94610
                                            Telephone:     (510) 271-0825
19                                          Facsimile:     (510) 271-0829
                                            E-mail:  foxsduggan@aol.com

20

21        FOR THE DEFENDANT:

22   Dated: June 6, 2008                    /s/DAVID B. GLAZER
                                            DAVID B. GLAZER
23                                          Natural Resources Section
                                            Environment and Natural Resources Division
24                                          United States Department of Justice

*Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C–06-02321-SBA          11
Settlement Agreement

1   301 Howard Street, Suite 1050
    San Francisco, California  94105
    Telephone:     (415) 744-6491
2   Facsimile:     (415) 744-6476
    E-mail:  david.glazer@usdoj.gov
3

4

5   IT IS SO ORDERED.

6

7

    Dated:  _6/6/08                                _____
8                                                   HON. SAUNDRA BROWN ARMSTRONG
                                                    UNITED STATES DISTRICT JUDGE
9

10

11          ATTORNEY ATTESTATION OF CONCURRENCE

12          I hereby attest that I have obtained concurrences in this filing for the signatures indicated
    by a "conformed" signature ("/s/") within this e-filed document.
13

14   Dated:  June 6, 2008                          /s/DAVID B. GLAZER
                                                    DAVID B. GLAZER
15                                                  Natural Resources Section
                                                    Environment and Natural Resources Division
16                                                  United States Department of Justice
                                                    301 Howard Street, Suite 1050
17                                                  San Francisco, California  94105
                                                    Telephone:     (415) 744-6491
18                                                  Facsimile:     (415) 744-6476
                                                    E-mail:  david.glazer@usdoj.gov
19

20

21

22

23

24

25

26

27   *Planning Ass'n for Richmond, et al. v. U.S. Dep't of Veterans Affairs*, C-06-02321-SBA           12
     Settlement Agreement
28